## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA GEARY, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SCHLEE & STILLMAN, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, LAURA GEARY, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, SCHLEE & STILLMAN, LLC ("SCHLEE & STILLMAN"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, resides in Morris County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SCHLEE & STILLMAN, LLC is law firm with an office at 50 Tower Office Park, Woburn, Massachusetts 01801.

8.      Upon information and belief, SCHLEE & STILLMAN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      SCHLEE & STILLMAN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from SCHLEE & STILLMAN, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 *et seq.* as set forth herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, notice and/or practice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.   Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(3); 1692e(5); and 1692e(10) *et seq.*

b.   Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to May 5, 2017, Plaintiff allegedly incurred a financial obligation to ADVOCARE AROESTY ENT ASSOCIATION ("ADVOCARE").

16. The ADVOCARE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The ADVOCARE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. ADVOCARE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. At some time prior to May 5, 2017, the ADVOCARE obligation was placed with SCHLEE & STILLMAN for the purpose of collection.

20. At the time the ADVOCARE obligation was placed with SCHLEE & STILLMAN for the purpose of collection, the balance was past due.

21.     At the time the ADVOCARE obligation was placed with SCHLEE & STILLMAN for the purpose of collection, the obligation was in default.

22.     SCHLEE & STILLMAN caused to be delivered to Plaintiff a letter dated May 5, 2017, which was addressed to Plaintiff.   **Exhibit A,** which is fully incorporated herein by reference.

23.     The May 5, 2017 letter was sent to Plaintiff in connection with the collection of the ADVOCARE obligation.

24.     The May 5, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.     The May 5, 2017 letter was presented on SCHLEE & STILLMAN letterhead, which displays the words "Attorneys At Law" and "Toll Free Number for All Offices 866-890-1644" in large characters at the top right side of the letter.

26.     Upon receipt, Plaintiff read the May 5, 2017 letter.

27.     The May 5, 2017 letter provided the following information about the ADVOCARE obligation:

> **Our Client: I.C. System, Inc.**
> Current Owner of the Debt: ADVOCARE AROESTY ENT ASSOC
> Account Number (last 4 digits): 4894
> S&S#: xxxx 211
>
>                                               Balance: $527.52
>                                               [emphasis added]

28.     The May 5, 2017 letter states in part:

> "**We have been hired by I.C. System, Inc. to collect, on its behalf**, a debt owed to ADVOCARE AROESTY ENT ASSOC. As of the date of this letter, ADVOCARE AROESTY ENT ASSOC asserts that you owe $527.52."  (emphasis added)
>
> "Also, **we have been asked to contact you to determine your intentions with respect to repayment of this debt**. We have not been retained to file a lawsuit against you. Further, at this time, no

attorney with this firm has personally reviewed the particular circumstances of your account." (emphasis added)

29.    I.C. System is not the creditor with regard to the ADVOCARE obligation and is a debt collector as defined by the FDCPA.

30.    The May 5, 2017 letter was not signed by an attorney with SCHLEE & STILLMAN.

31.    SCHLEE & STILLMAN, LLC is not licensed to practice law in New Jersey.

32.    No attorney employed by SCHLEE & STILLMAN was licensed to practice law in New Jersey as of May 5, 2017.

33.    No attorney employed by SCHLEE & STILLMAN, licensed to practice law in New Jersey as of May 5, 2017, reviewed the Plaintiff's ADVOCARE account or any supporting documentation prior to the May 5, 2017 letter being sent to Plaintiff.

34.    No attorney employed by SCHLEE & STILLMAN was licensed to practice law in New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present.

35.    Defendant's use of the May 5, 2017 letter would confuse the least sophisticated consumer as to whether Defendant was meaningfully involved in the attempted collection of the ADVOCARE obligation as an attorney and if so, to what degree of involvement.

36.    Defendant's use of the May 5, 2017 letter would confuse the least sophisticated consumer as to whether Defendant was acting in any legal capacity when sending its letter.

37.    Defendant's use of the May 5, 2017 letter would confuse the least sophisticated consumer as to what the Defendant was retained to do with respect to the ADVOCARE obligation.

38.     Defendant's use of the May 5, 2017 letter would confuse the least sophisticated consumer as to which entity was making decisions and controlling actions with respect to the ADVOCARE obligation – the attorneys, the collection agency that hired the attorneys or the original creditor.

39.     The overall impression that Defendant's May 5, 2017 letter gives to Plaintiff and other similarly situated is that of potential legal action.

40.     Defendant's May 5, 2017 letter falsely implies that an attorney, acting as an attorney, was meaningfully involved in collecting the consumer debts at issue.

41.     Defendant's May 5, 2017 letter implies that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which the letter was sent.

42.     Defendant's May 5, 2017 letter does not make clear that the Defendant was not, at the time of the letter's transmission, acting in any legal capacity.

43.     The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney was meaningfully involved in collecting the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008 U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

44.     Defendant's May 5, 2017 letter that Defendant sent to Plaintiff and others similarly situated does not comply with the FDCPA.  *See* Smith v. Michael Harrison, Esquire, 2008 U.S. Dist. LEXIS 51685 (D.N.J. July 7, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011).

## POLICIES AND PRACTICES COMPLAINED OF

45.    It is SCHLEE & STILLMAN's policy and practice to send letters and notices to Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d)    Making a false representation or implication that an attorney is meaningfully involved.

46.    On information and belief, Defendant engaged in the practices described herein by sending written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

47.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48.    Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49.    Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

50. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

51. Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any communication is from an attorney.

52. Defendant violated 15 U.S.C. § 1692e and §1692e(3) of the FDCPA by falsely representing meaningful attorney involvement in its collection letters to Plaintiff and others similarly situated.

53. Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was meaningfully involved in the collection attempts as an attorney.

54. Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was acting as an attorney in their collection attempts and whether Defendant's collection letters implied potential legal action.

55. Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by making a false, deceptive, or misleading representation in its collection letters to Plaintiff and others similarly situated regarding their level of meaningful attorney involvement.

56. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

57. Defendant's May 5, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that a lawsuit could be instituted by Defendant.

58. Defendant's May 5, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that the Defendant may be retained to file a lawsuit against Plaintiff and others similarly situated.

59.    Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60.    Defendant violated 15 U.S.C. §1692e(10) by falsely representing that an attorney was meaningfully involved in the collection process and by falsely implying that the Defendant may be retained to file a lawsuit against Plaintiff and others similarly situated.

61.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64.    Plaintiff and others similarly situated were sent letters which have the likelihood to affect their decision-making with regard to the debt.

65.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66.    Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys'
fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court
may deem just and proper.


Dated: October 30, 2017

                                    _s/ Joseph K. Jones_____
                                    Joseph K. Jones, Esq. (JJ5509)
                                    JONES, WOLF & KAPASI, LLC
                                    375 Passaic Avenue, Suite 100
                                    Fairfield, New Jersey 07004
                                    (973) 227-5900 telephone
                                    (973) 244-0019 facsimile
                                    jkj@legaljones.com


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a
trial by jury on all issues so triable.

                                    _s/ Joseph K. Jones_____
                                    Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 30, 2017

_s/ Joseph K. Jones_____
Joseph K. Jones, Esq.

# Exhibit

# A

# Schlee & Stillman, LLC

**Attorneys At Law**
50 Tower Office Park
Woburn, Massachusetts 01801

50 TOWER OFFICE PARK
WOBURN MA  01801-2113
FORWARDING SERVICE REQUESTED

May 5, 2017

**Toll Free Number for All Offices 866-890-1644**

PERSONAL & CONFIDENTIAL
LAURA GEARY


|ₗₗ¹||ₗₗ||ₗₗₗ|ₗₗₗ|ₗ|ₗ||ₗ|ₗ||||ₗₗ|||ₗₗₗ||₁ₗ|ₗ|ₗₗₗ||ₗₗₗₗ|

Our Client: I.C. System, Inc.
Current Owner of the Debt: ADVOCARE AROESTY ENT ASSOC
Account Number (last 4 digits): 4894
S&S#: ███211

                               Balance: $527.52

Dear Laura Geary:

We have been hired by I.C. System, Inc. to collect, on its behalf, a debt owed to ADVOCARE AROESTY ENT ASSOC.  As of the date of this letter, ADVOCARE AROESTY ENT ASSOC asserts that you owe $527.52.

Also, we have been asked to contact you to determine your intentions with respect to repayment of this debt.  We have not been retained to file a lawsuit against you.  Further, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless, within thirty days after your receipt of this letter, you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid.  If, within thirty days after your receipt of this letter, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail you a copy of such verification or judgment. Also, upon your written request made within thirty days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Schlee & Stillman, LLC

ICS001

**This correspondence is from a debt collector.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

**Important notices appear on the back of this letter.  Please read them as they may affect your rights.**